# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv8-RJC

| | |
|---|---|
| ROBERT WOODWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER**<br>TIM L. DAUGHERTY et al., )<br>)<br>Defendants. )<br>_____) | |

**THIS MATTER** comes before the Court on the Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n. 4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that certain claims must be dismissed

because Plaintiff has failed to state a claim for relief. As to the remaining claim, the Court will direct service of process and require the specified defendants to file an Answer.

Plaintiff alleges that while temporarily housed at Lincoln County Jail in August and September 2009, and again in November 2009, the Defendants violated his civil rights. Specifically, Plaintiff alleges deliberate indifference to his medical needs, failure to investigate his grievance, refusal to provide sufficient quantity of toilet paper, and generally, retaliation. Plaintiff names the following defendants: Tim Daugherty, former Sheriff of Lincoln County; Sergeant Garland; Sergeant Hoyle; Sergeant Overcash; Sergeant Houser; Officer Harszuk; Officer Neal; Officer Harris; and Bumgardner. Plaintiff also names as John Doe a doctor who was responsible for treating him between November 5 and November 17, 2009, at Lincoln County Detention Center, because Plaintiff does not know his name, and his requests to the Sheriff to ascertain this information have purportedly gone unanswered. Similarly, Plaintiff names Nurse Geri and Nurse Stacy as Defendants. Plaintiff does not know their last names, and he alleges that his requests for this information have gone unanswered. Finally, Plaintiff names Southern Health Partners ("SHP") as a Defendant, claiming that it was under a contract to provide services to Lincoln County Jail, and that when SHP's doctors failed to treat Plaintiff, it violated the contract.

I.  **Deliberate Indifference to Severe Medical Needs**

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference

may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See id. at 852–53. However, a plaintiff must prove that the defendant was aware of facts from which an inference of a substantial risk of harm could be drawn, and that the defendant drew such inference. See Johnson v. Quinones, 145 F.3d 164, 167–68 (4th Cir. 1998). Applying the above law to Plaintiff's allegations, Plaintiff has sufficiently stated a claim for relief against Defendants Hoyle, Overcash, Neal, Bumgardner, Nurse Geri (LNU), Nurse Stacy (LNU), and Dr. John Doe (FNU, LNU). These Defendants shall be required to answer Plaintiff's Complaint.

## II. Tim Daugherty

Plaintiff contends that Tim Daughterty, former Sheriff of Lincoln County, was deliberately indifferent to this serious medical needs. In support, Plaintiff contends that after he was first housed at Lincoln County Jail in August and September 2009, he sent two letters to Daugherty informing him of the lack of medical care he received while previously housed in the jail. Plaintiff sent these letters to Daugherty "to ensure this type of negligence did not happen again." (Doc. No. 1 at 11). Plaintiff contends that he knew he was going back to Lincoln County Jail in November 2009 to serve as a witness in a case regarding a murdered police officer, and he did not want to "encounter the same problems upon [his] return." (Id. at 11, 14). Plaintiff contends that Dr. John Doe refused to give Plaintiff his previously prescribed medications and did not treat him at all when he returned to the Lincoln County Jail between November 5, 2009, and November 17, 2009. Plaintiff's diabetes, high cholesterol, high triglycerides, high blood pressure, infections on both big toes, and kidney stone went untreated during his entire stay at Lincoln County Jail from November 5 through November 17, 2009.

3

Plaintiff does not allege any personal conduct by former Sheriff Dougherty. Therefore, it appears Plaintiff has named the former Sheriff because he was "in charge" of the Lincoln County Jail. However, supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Auth., 690 F.2d 1133, 1142–43 (4th Cir. 1982). While Plaintiff alleges that he made Daugherty aware of the lack of medical care he received from Bumgardner while at the Lincoln County Jail in August and September 2009 after his stay at that jail, he does not allege that Daugherty was made aware of any issues involving his medical care from Fr. John Doe when he returned to the facility in November 2009. Further, there are no allegations in Plaintiff's Complaint alleging any personal conduct by Dougherty or that any of the Defendants acted pursuant to his policy or custom. Consequently, Defendant Dougherty is dismissed from this case.

## III. Southern Health Partners

SHP is a private health agency that may have a contract to treat prisoners housed at Lincoln County Jail. It appears that Plaintiff's allegations against Southern Health Partners relate to the actions of two doctors who may have worked for SHP under that contract. However, a private corporation cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability. See Austin v. Paramount Parks, Inc. 195 F.3d 716, 728 (4th Cir. 1999). Plaintiff has failed to state a cognizable claim under § 1983 against SHP, and Southern Health Partners will be dismissed as a defendant.

## IV. Defendant Garland

Plaintiff claims that Defendant Sergeant Lyle Garland failed to respond to or investigate his grievance. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1995). Even assuming that Defendant Garland violated the grievance procedures, such action, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741, 751–52 (1978); see also Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (explaining if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a violation of the Constitution). Plaintiff's claim against Sergeant Garland for failing to respond to or investigate his grievance does not state a claim for relief and must be dismissed.

## V. Defendants Houser and Harszuk

Plaintiff generally contends that Defendants Sergeant Houser and Officer Harszuk retaliated against him for filing a grievance. In support, Plaintiff alleges that Houser failed to discipline Harzuk for cutting the phones off early without making an announcement and for generally failing to "control his staff." (Doc. No. 1 at 23). Plaintiff contends that Houser conspired with his staff to harass him. (Id.). With respect to Harszuk, Plaintiff contends that he ignored Plaintiff's requests for toilet paper and pencils, threatened him, had a "negative attitude toward all matters concerning inmates," and was "hostile and irrational." (Id.). Claims of retaliation are generally treated with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Furthermore, the Court notes that Plaintiff's claims against Officers Houser and Harszuk are conclusory. Plaintiff has failed to state a cognizable claim against Defendants Houser and Harzsuk, and these Defendants will be dismissed from the action.

## VI. Defendant Harris

Plaintiff claims that on September 4, 2009, Defendant Harris initially refused to bring toilet paper to Plaintiff's cell, as toilet paper is distributed only on Sundays, but that Harris ultimately brought him an insufficient quantity of toilet paper. Inquiry of federal courts into prison management is limited under § 1983 to whether a particular system violates any constitutional provisions. Outside of this inquiry, prison administrators must be permitted to exercise wide discretion. Lewis v. Casey, 518 U.S. 343, 363 (1996). Plaintiff's claim that on one occasion, this Defendant did not provide him with a sufficient quantity of toilet paper does not state a cognizable claim in violation of the Constitution. Therefore, Plaintiff's claim against Defendant Harris is dismissed for failure to state a claim for relief.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff has failed to state a claim for relief as to Defendants Dougherty, Garland, Houser, Harszuk, Harris and Southern Health Partners, and these Defendants are dismissed from the action;

(2) The Clerk shall issue summons for Defendants Hoyle, Overcash, Neal, and Bumgardner and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost;

(3) Defendants Hoyle, Overcash, Neal, and Bumgardner shall file an Answer to the claims in Plaintiff's Complaint in accordance with the Rules of Civil Procedure;

(4) **The Clerk shall serve a copy of this Order and Plaintiff's Complaint on the Sheriff of Lincoln County;**

(5) **The Sheriff of Lincoln County shall within twenty (20) days of the filing of this Order, file a document in this Court stating the full names of Defendants Nurse**

**Geri, Nurse Stacy, and Dr. John Doe. The Sheriff shall state whether these individuals remain employed at the Lincoln County Jail and provide forwarding addresses if they are no longer employed at the facility. If any of these parties are no longer employed at the Lincoln County Jail, the Sheriff shall file the document under seal**;

(6) The Clerk of Court, upon receipt of the document identifying Defendants Nurse Geri, Nurse Stacy, and Dr. John Doe, shall issue summons for each and deliver it forthwith to the United States Marshal, who will make service of process without additional cost;

(7) The Clerk shall then update the docket to reflect the last names of the two nurses and the full name of the doctor; and

(8) Defendants Nurse Geri, Nurse Stacy, and Dr. John Doe will then be required to file an Answer to the claims in Plaintiff's Complaint in accordance with the Rules of Civil Procedure.

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge