# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### 5:11CV8

| | | |
|---|---|---|
| ROBERT WOODWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIM DAUGHERTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 15).

On January 24, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against various defendants for violating his Constitutional rights while temporarily housed at Lincoln County Jail in August/September 2009 and again in November 2009. Specifically, Plaintiff alleged deliberate indifference to his medical needs, failure to investigate his grievance, refusal to provide sufficient quantity of toilet paper and generally, retaliation. Plaintiff named as defendants: Tim Daugherty, former Sheriff of Lincoln County; Sergeant Garland; Sergeant Hoyle; Sergeant Overcash; Sergeant Houser; Officer Harszuk, Officer Neal; Officer Harris and Dr. Bumgardner. Plaintiff also named as John Doe a doctor who was responsible for treating him between November 5 and November 17, 2009 at Lincoln County Detention Center, Nurse Geri and Nurse Stacy. Finally, Plaintiff named Southern Health Partners as a Defendant claiming that they were under a contract to provide services to Lincoln County Jail and when their doctors failed to treat Plaintiff, they violated their contract. (Doc. No. 1).

This Court conducted an initial review of Plaintiff's Complaint, as is required pursuant to

1

28 U.S.C. § 1915A, and determined that the Plaintiff failed to state a claim for relief as to Defendants Dougherty, Garland, Houser, Harzuk, Harris and Southern Health Partners and directed the Clerk to issue summons as to the remaining defendants and deliver it to the U.S. Marshal for service of process. (Doc. No. 6).

By the instant motion, Plaintiff seeks reconsideration of this Court's previous Order dismissing Sheriff Tim Daugherty and Officer Lyle Garland from the Complaint. (Doc. No. 15). A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Rather, the purpose of a motion for reconsideration is to correct "manifest errors of law or fact . . . ." DIRECTTV, Inc. V. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. V. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985)). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

With respect to Sheriff Daugherty, Plaintiff argues that the Sheriff was indicted for obstruction of justice and "[knew] his days as sheriff were numbered so therefore he didn't care whatsoever what went on at his jail." (Doc. No. 15 at 2). This fact, which Plaintiff also mentioned in his original Complaint, is irrelevant to the Court's analysis. Plaintiff also notes that he sent letters to Sheriff Daugherty regarding his lack of medical care while he was still housed in the Lincoln County Jail, not after Plaintiff was transferred from the jail as noted in the Court's Order.[1] However, this fact is of no relevance in that the Court dismissed Sheriff Daugherty based on the

---

[1] Plaintiff contends that Sheriff Daugherty signed for the certified letters on September 14, 2009. Plaintiff's Complaint indicates that he was back in the State prison system on September 15, 2009. (Doc. No. 1 at 14).

principle of respondeat superior. (Doc. No. 6). Plaintiff also disagrees with the Court's conclusion regarding the dismissal of Sergeant Garland, continuing his argument that Sergeant Lyle was deliberately indifferent to his medical needs by failing to investigate his grievances on September 4 and 5, 2009, and November 7, 2009. Plaintiff essentially argues that the Court was wrong in its conclusion, however, a motion to reconsider is inappropriate where, as here, it merely seeks "to re-debate the merits of a particular motion." In re Vioxx, 230 F.R.D. at 475 (E.D. La. 2005).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 15) is **DENIED.**

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

3