UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV8-RJC

| ROBERT WOODWARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| TIM L. DAUGHERTY et al., | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motions to Amend, (Doc. Nos. 33, 39 and 54); Motions for Reconsideration, (Doc. Nos. 34 and 40) and Defendants' Motion to Strike (Doc. No. 56).

On January 24, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against various defendants for violating his Constitutional rights while temporarily housed at Lincoln County Jail in August/September 2009 and again in November 2009. Specifically, Plaintiff alleged deliberate indifference to his medical needs, failure to investigate his grievance, refusal to provide sufficient quantity of toilet paper and generally, retaliation. Plaintiff named as defendants: Tim Daugherty, former Sheriff of Lincoln County; Sergeant Garland; Sergeant Hoyle; Sergeant Overcash; Sergeant Houser; Officer Harszuk, Officer Neal; Officer Harris and Dr. Bumgardner. Plaintiff also named as John Doe a doctor who was responsible for treating him between November 5 and November 17, 2009 at Lincoln County Detention Center, Nurse Geri and Nurse Stacy. Finally, Plaintiff named Southern Health Partners as a Defendant claiming that they were under a contract to provide services to Lincoln County Jail and when their doctors failed to treat Plaintiff, they violated their contract. (Doc. No. 1).

1

This Court conducted an initial review of Plaintiff's Complaint, as is required pursuant to 28 U.S.C. § 1915A, and determined that the Plaintiff failed to state a claim for relief as to Defendants Dougherty, Garland, Houser, Harzuk, Harris and Southern Health Partners and directed the Clerk to issue summons as to the remaining defendants and deliver it to the U.S. Marshall for service of process. (Doc. No. 6).

On February 23, 2011, Plaintiff filed a motion for reconsideration of this Court's previous Order dismissing Sheriff Tim Daugherty and Officer Lyle Garland from the Complaint. (Doc. No. 15). By Order dated March 15, 2011, this Court denied Plaintiff's motion. (Doc. No. 17).

**Motions for Reconsideration**

Plaintiff now asks that the Court reconsider its previous Order dismissing Defendant Southern Health Partners and its previous Order denying reconsideration of Plaintiff's first motion for reconsideration with respect to the Court's dismissal of Defendant Garland. (Doc. Nos. 34 and 40).

A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Rather, the purpose of a motion for reconsideration is to correct "manifest errors of law or fact . . . ." DIRECTTV, Inc. V. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. V. Zlotnicki, 779 F.2d 907, 909 (3rd Cir. 1985). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

With respect to Defendant Garland, this Court already denied Plaintiff's first motion for reconsideration in which he argued that Defendant Garland was inappropriately dismissed from the instant case. Plaintiff now argues that this Court misunderstood the basis for his motion and asks that Defendant Garland be required to file an Answer. Plaintiff now argues that "it was deliberate indifference for Mr. Garland to block [his] letter to the medical examiner's office." (Doc. No. 34). To the extent that this claim can be construed as interference with the grievance process, such claim fails because, as explained in this Court's February 11, 2011 Order, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1995); Antonelli v. Shehan, 81 F.3d 1422, 1430 (7th Cir. 1996) (existence of a prison grievance procedure does not confer any substantive right upon inmates); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Even assuming that Defendant Garland violated the grievance procedures, such action, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741, 751-52 (1978); see also Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a violation of the Constitution). To the extent that this claim can be liberally construed as an access to the Court's claim inasmuch as Plaintiff alleges that Defendant interfered with his letter to the medical examiner in which he complained about the medical care he was receiving at the jail, such claim is without merit in that Plaintiff cannot establish actual injury, i.e. that his efforts to pursue a legal claim were hindered. Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Plaintiff's motion for reconsideration is denied. (Doc. No. 34).

Next, Plaintiff asks that this Court reconsider its previous Order dismissing Defendant Southern Health Partners. (Doc. No. 40). Plaintiff disagrees with the Court's conclusion regarding the dismissal of Southern Health Partners and essentially argues that the Court was wrong in its conclusion, however, a motion to reconsider is inappropriate where, as here, it merely seeks "to re-debate the merits of a particular motion." In re Vioxx, 230 F.R.D. at 475 (E.D. La. 2005). Therefore, Plaintiff's motion for reconsideration is denied. (Doc. No. 40).

**Motions to Amend**

Plaintiff seeks to amend his Complaint to include a new claim or a new theory against previously dismissed Defendant Harszuk. Plaintiff now claims that on August 9, 2009 while he was speaking with Nurse Jones about getting his medication, Defendant Harszuk interrupted and starting "yelling at [Plaintiff] about not telling the nurse how to do her job." (Doc. No. 39 at 1-2). Plaintiff contends that these facts support a claim that Defendant Harszuk interfered with his treatment and asks that this Court reinstate the Complaint against Defendant Harszuk.

Plaintiff also seeks to amend his Complaint against previously dismissed Defendant Daugherty. (Doc. No. 33). Plaintiff contends that "the official policy at Lincoln County Jail was not to treat inmates waiting to be transferred to the State Prison System." (Id. at 2). In support of this new theory, Plaintiff contends that Nurse Jones told him that Defendant Daugherty "wouldn't let them fill prescriptions for state inmates" and that he "don't baby inmates." (Id. at 1-2). Plaintiff argues that this "policy" makes Defendant Daugherty responsible based on the principles of respondeat superior. (Id.).

Finally, Plaintiff seeks to amend his Complaint to add Defendant Judie Clark, Director of the Complaint Department at the North Carolina Medical Board.

First, Federal Rule of Civil Procedure 15 governs amendments in a general civil action. However, in this case filed by a prisoner, 28 U.S.C. § 1915A directs the Court to conduct an initial review of a civil action by a prisoner against a governmental entity or employee before docketing, or soon as practicable after docketing, to identify cognizable claims or dismiss the complaint or parts of the complaint.  Plunk v. Givens, 234 F.3d 1128 (10th Cir. 2000) (the screening process of 1915A is to be applied sua sponte, as early as possible, and does not require that process be served or that the plaintiff be provided with an opportunity to respond).  As such, the Court has already considered Plaintiff's claims against the dismissed defendants and concluded that Plaintiff has failed to state a claim for relief against those defendants.  Therefore, with respect to the dismissed defendants, Plaintiff may not amend his Complaint.  McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (Under the PLRA, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998) (PLRA "allow[s] district courts to dismiss all meritless claims before service of process and without giving leave to amend.").

However, in an abundance of caution and in consideration of Plaintiff's pro se status, the Court will consider Plaintiff's amendments.  Plaintiff contends that Defendant Harsuk interfered with his medical treatment when he interrupted his conversation with Nurse Jones and told Plaintiff not to tell the nurse how to do her job.  This fact, standing alone, even if true, does not support a claim for deliberate indifference to Plaintiff's medical needs.  Therefore, even if Plaintiff should be permitted to amend his Complaint after a defendant is dismissed on initial review, Plaintiff has failed to state a claim for deliberate indifference as to defendant Harszuk and his motion to amend is denied.

With respect to his proposed amendment as to Defendant Daugherty, Plaintiff's motion is denied. Plaintiff's claim that Defendant Daugherty had a policy at the jail to not treat any state prisoner housed in his jail is conclusory. Plaintiff offers no evidence of an official policy for which Defendant Daugherty was responsible. Therefore, Plaintiff's motion to amend is denied.

With respect to his motion to add Judie Clark as a defendant, Plaintiff contends that he filed a complaint with the North Carolina Medical Board regarding his lack of treatment at Lincoln County Jail.[1] Ms. Clark responded and concluded that there did not appear to be a violation of North Carolina's Medical Practice Act related to a license. Ms. Clark explained that while the Board licenses and oversees the practice of physician, physician assistants and nurse practitioners, it has no authority regarding policy and procedures in the county jails. Ms. Clark suggested that Plaintiff continue the grievance process at the jail. (Doc. No. 54-1 at 1). Plaintiff alleges that he wrote Ms. Clark numerous other times and alleges that despite her response to him, Ms. Clark never reviewed his original complaint; that Ms. Clark failed to do her job and that Ms. Clark destroyed his second complaint filed in December 2009. (Id.).

First, Plaintiff's allegations against Ms. Clark are conclusory in nature and not supported by any evidence. Next, as stated in this Order, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1995). Even assuming that Ms. Clark violated the grievance procedure established by the North Carolina Medical Board by failing to respond to

---

[1] Federal Rule of Civil Procedure 20 governs this situation as Plaintiff is seeking to add or join additional defendants. Rule 20 permits the joinder of parties if they claim relief "arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Hinson v. Norwest Financial South Carolina, Inc., 293 F.3d 611, 618 (4th Cir. 2001).

6

Plaintiff's continued complaints, such action, standing alone, does not amount to a constitutional violation.  See United States v. Caceres, 440 U.S. 741, 751-52 (1978); see also Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a violation of the Constitution).  Therefore, Plaintiff's Motion to Amend to add Ms. Clark (Doc. NO. 54) is DENIED.

**Motion to Strike**

Defendants Hoyle, Overcash and Neal filed a Motion to Strike Plaintiff's "Response to Defendant's Reply Document 53" because Plaintiff's response is not authorized by this Court's local rules and Plaintiff "simply reiterates arguments that he previously made."  (Doc. No. 56) The Court declines Defendants' request to strike Plaintiff's reply.  Defendants' counsel is well aware that the Court liberally construes pro se filings.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Further, the Court will be able to parse through arguments in Plaintiff's reply that are repetitive.

      **IT IS, THEREFORE, ORDERED** that:

(1)     Plaintiff's Motions for Reconsideration (Doc. Nos. 34 and 40) are **DENIED;**

(2)     Plaintiff's Motions to Amend (Doc. Nos. 33, 39 and 54) are **DENIED**; and

(3)     Defendants' Motion to Strike (Doc. No. 56) is **DENIED**.

(4)     Plaintiff may not file any further motions to amend in this case without the express permission of this Court.  Failure to comply with this directive will result in summary denial of any improvidently filed motion to amend.

Signed: September 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge